SRM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Raul Raizola-Rodriguez, et al.,**<br>Petitioner<br>-vs-<br>**Alberto Gonzales, Attorney General of the United States, et al.,**<br>Respondent(s) | CV-05-0528-PHX-SRB (JI)<br><br>**REPORT AND RECOMMENDATION<br>re Petition for Writ of Habeas Corpus<br>Pursuant to 28 U.S.C. § 2241** |

**I. MATTER UNDER CONSIDERATION**

On March 10, 2005, having been ordered removed from the United States, Petitioners filed a first amended  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (#6).[1] On March 28, 2005 Respondents filed their Response (# 10).   Petitioner filed a Reply on April 13, 2005 (#12).  On June 20, 2005, Petitioners filed a Motion to Transfer pursuant to the REAL ID Act of 2005.[2]  Respondents responded on June 30, 2005 with a Motion to Dismiss (#15) the petition for lack of jurisdiction and as unexhausted.

The Petitioner's Petition and Motion to Transfer, and Respondents' Motion to Dismiss are now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

/ /
/ /

---

[1]  Petitioner also filed a Motion for Preliminary Injunction (#7), seeking a stay of removal.  That motion was denied without prejudice on May 5, 2005 (#13).

[2]  Petitioner's Motion to Transfer was miscaptioned, and thus was docketed in *Reyes-Perez v. Ashcroft*, Case CV-04-1786-PHX-MHM (JI), a similar case being handled by Petitioners' counsel.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**Original Removal Proceedings** - Petitioners Raul Raizola Rodriguez and Marina Hernandez-Raizola are husband and wife, and are natives and citizens of Mexico.  On January 27, 2003, the Board of Immigration Appeals reversed the decision of an Immigration Judge granting Petitioners a cancellation of removal on the basis of hardship, and ordered Petitioners removed to Mexico, subject to a right to voluntarily depart.  (Resp. Exh. 5.)  Petitioner's sought review by the Ninth Circuit Court of Appeals, which was dismissed in part and denied in part by a memorandum decision filed February 23, 2004.  (Resp. Exh. 6.)  Petitioners were then issued a "bag and baggage" order to appear for removal.  Petitioners failed to appear. (Resp. Exh. 7.)

**Habeas Petitions** - Petitioners filed a Petition for Writ of Habeas Corpus in Case CV-04-1305-PHX-SRB (JRI).  That Petition was dismissed on August 5, 2004.

On December 28, 2004, the Ninth Circuit issued its decision in *Molina-Camacho v. Ashcroft*, 393 F.  2d 937 (9th Cir. 2004), holding that the BIA does not have authority to enter its own order of removal after vacating a grant of cancellation of removal under 8 U.S.C. § 1229b.

Petitioners then filed, on February 16, 2005,  their original Petition for Writ of Habeas Corpus (#1) in this action.  Service was ordered (#4), but on March 10, 2005, Petitioners filed their first amended Petition for Writ of Habeas Corpus (#6) and a Motion for Preliminary Injunction (#7) seeking a stay of removal.

Respondents responded on March 28, 2005, arguing that *Molina-Camacho* is distinguishable because the BIA issued Petitioners an order granting voluntary departure, followed by removal, rather than a simple removal order. (#10) On April 13, 2005, Petitioners filed their Reply (#12), arguing that *Molina-Camacho* is not distinguishable, because the Ninth Circuit noted that the alien in that case had also been granted voluntary departure.

**Motion to Transfer** - On Wednesday, May 11, 2005, the President signed into law H.R. 1268, an "Act Making Emergency Supplemental Appropriations for Defense, the Global War on Terror, and Tsunami Relief, for the fiscal year ending September 30, 2005."  Pub. L.

No. 109-13, 119 Stat. 231 (May 11, 2005).  Appended as part of that legislation was the "REAL ID Act of 2005" (formerly H.R. 418).

Section 106(a) of the REAL ID Act amends 8 U.S.C. § 1252 in three important respects: (1) it strips the district courts of habeas corpus jurisdiction under 28 U.S.C. § 2241 "or any other habeas corpus provision," to review administrative orders of removal, deportation, or exclusion entered under the Immigration and Nationality Act (INA); (2) it restores jurisdiction in the courts of appeals to review "constitutional claims or questions of law" raised in connection with a petition for review, notwithstanding "any other provision of this Act ... which eliminates judicial review"; and (3) it provides that a petition for review in the appropriate court of appeals is the exclusive means for judicial review of an administrative order of removal, deportation, or exclusion entered under the INA.

Section 106(b) of the Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment."

Section 106(c) of the Act provides that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals."

In sum, "the Act makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal."  *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005) (quoting REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, § 106(a)).

Consequently, on June 20, 2005, Petitioners filed a Motion to Transfer, seeking to transfer this case to the Ninth Circuit Court of Appeals pursuant to the REAL ID Act.

On June 30, 2005, Respondents filed their Opposition to Motion to Transfer and Motion to Dismiss (#15), arguing that the BIA has now re-opened Petitioner's case in light of *Molina-Camacho*, yielding both the Ninth Circuit and this Court without jurisdiction over the

1  matter.   Petitioners have not responded to the Motion to Dismiss, nor replied in support of

2  their Motion to Transfer.

3       **Reopening of Immigration Case** - On June 30, 2005, the BIA issued an Order vacating

4  that portion of their order directing the removal of Petitioners, and remanding the matter to

5  the Immigration Judge.  (Motion, #15, Exhibit 1.)

6

7  ### III. APPLICATION OF LAW TO FACTS

8       The parties agree that the REAL ID Act applies to this case, but differ on the appropriate

9  response.  The plain language of the Act resolves the matter, however.

10       **Motion to Transfer** - Transfer is not authorized.  Section 106(c) authorizes transfers

11  to the circuit court of appeals only of habeas petitions "challenging a final administrative order

12  of removal."  Petitioner's administrative order of removal has been vacated, and the matter has

13  been reopened and remanded to the immigration judge. Accordingly, this Court must deny

14  Petitioners' Motion to Transfer and resolve its own jurisdiction to hear the petition.

15       **Jurisdiction to Hear Petition** - The REAL ID Act amended the jurisdiction stripping

16  provisions of 8 U.S.C. § 1252 to make clear that the elimination of district court jurisdiction

17  to hear challenges to removal orders and petitions for discretionary relief under 8 U.S.C. §

18  1229(b) included habeas jurisdiction under 28 U.S.C. § 2241.   *See* 8 U.S.C. §

19  1252(a)(2)(B)(i).  While much discussion has been given in recent years to the degree of

20  specificity required of legislation purporting to eliminate habeas relief, *see e.g. Zadvydas v.*

21  *Davis*, 533 U.S. 678 (2001), Petitioners do not challenge the Act on that basis.  Nor does the

22  undersigned see any ambiguity that would provide such an argument.  Because Petitioners'

23  Petition challenges the denial of relief under 8 U.S.C. § 1229(b), this Court is without

24  jurisdiction to hear it.

25       **Exhaustion** - Respondents also seek to dismiss the Petition as unexhausted, in light of

26  the reopening of the case by the BIA.

27       Statutory Exhaustion - 8 U.S.C. § 1252(d)(1) provides that "[a] court may review a final

28  order of removal only if . . . the alien has exhausted all administrative remedies available to the

alien as of right." In *Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004), the Ninth Circuit joined a number of other circuits in holding that "§ 1252(d)(1) establishes a statutory administrative exhaustion requirement applicable to habeas petitioners."   However, § 1252(d)(1) applies only to review of a "final order of removal."  Here, there is no longer a final order of removal being challenged.

Moreover, § 1252(d)(1) only applies to administrative remedies available "as of right." Accordingly, where past administrative decisions constrain the ability of the administrative body to provide a remedy, then exhaustion may not be required. "To qualify as a remedy 'available to the alien as of right' under § 1252(d)(1), a remedy must enable the agency to give unencumbered consideration to whether relief should be granted."  *Sun*, 370 F.3d at 942. Here, although Petitioner's removal order has been re-opened, the BIA did not vacate that portion of its order which vacated the immigration judge's grant of cancellation of removal. It is that decision which is at the heart of Petitioner's challenge.  Accordingly, Petitioner's administrative remedies on that claim have been properly exhausted.

<u>Prudential Exhaustion</u> - Apart from the statutory exhaustion requirements, the Courts have long recognized a prudential exhaustion requirement in immigration habeas matters. Ordinarily, an immigration habeas petitioner is required to exhaust available administrative *and judicial* remedies before pursuing a claim on habeas, as a matter of judicial prudence. *Castro-Cortez v. I.N.S.*, 239 F.3d 1037 (9th Cir. 2001).  Here, the circuit court's new found jurisdiction under the REAL ID Act will provide Petitioners with an available judicial remedy upon re-issuance of a final order of removal.  Accordingly, Petitioners have not yet exhausted their judicial remedies.  Therefore, even absent the REAL ID Act's stripping of jurisdiction from this Court, the Petition would have to be dismissed as unexhausted.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion to Transfer, filed June 20, 2005 be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Respondent's Motion to Dismiss, filed

1    June 30, 2005 (#15) be **GRANTED**.

2         **IT IS FURTHER RECOMMENDED** that Petitioner's first amended Petition (#6) and

3    this action be **DISMISSED**.

4

5                              **V. EFFECT OF RECOMMENDATION**

6         This recommendation is not an order that is immediately appealable to the Ninth Circuit

7    Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate*

8    *Procedure*, should not be filed until entry of the district court's judgment.

9         However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

10   have ten (10) days from the date of service of a copy of this recommendation within which to

11   file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section

12   2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response

13   to the objections.  Failure to timely file objections to any factual or legal determinations of

14   the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of

15   the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

16

17

18   DATED: September 13, 2005                    _____

19                                                          JAY R. IRWIN
                                              United States Magistrate Judge

20

21

22

23

24

25

26

27

28